UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS AKERMAN,<br><br>      Plaintiff,<br><br>vs.<br><br>CLEANTECH SOLUTIONS INTERNATIONAL, INC.,<br><br>      Defendant. | Case No.: 1:17-cv-06635 |

  Plaintiff Morris Akerman ("Plaintiff"), by his undersigned attorneys, alleges the following based upon personal knowledge as to his own acts and information and belief as to all other matters, based upon the investigation conducted by and through his attorneys:

## NATURE OF THE ACTION

  1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

  2. Defendant Cleantech Solutions International, Inc. ("Cleantech" or the "Company") furnished shareholders with a definitive proxy statement issued through the Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") on Schedule 14(a) on November 14, 2017 (the "Solicitation")[1] which included four shareholder proposals that required shareholder action to approve.  Of those four proposals, the third proposal ("Proposal 3") seeks shareholder action, by way of a vote, "[t]o

---

[1] The Solicitation states that "[t]his proxy statement contains information about the matters to be considered at the meeting or any adjournments or postponements of the meeting and is first being mailed to stockholders, on or about November 15, 2017."

amend the Company's 2016 Long-Term Incentive Plan (the "Plan") to increase the number of shares of common stock, par value $0.001 per share (the "Shares") authorized for issuance under the Plan to 390,000 Shares[.]"

3.   The Plan provides for the grant of incentive and non-qualified options and stock grants to employees, including officers, directors and consultants.

4.   As described below, Proposal 3 does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

5.   Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of Cleantech whose vote is solicited, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the SEC, to enjoin a vote by its shareholders on Proposal 3 in the Solicitation for the annual meeting of Cleantech shareholders scheduled for December 14, 2017.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7.   In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8.   Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were or will be mailed to Cleantech shareholders residing in this District.

## PARTIES

9.   Plaintiff is, and has been at all relevant times herein, a Cleantech stockholder.

10. Cleantech is a corporation organized under the laws of Nevada that maintains its principal place of business in China. According to the Solicitation, "[o]n the record date, November 1, 2017, we had 2,230,632 Shares outstanding. We will have a quorum if 743,544 Shares are present and voting at the annual meeting." Cleantech's stock is traded on the NASDAQ under the symbol "CLNT". Cleantech, through its subsidiaries, manufactures and sells textile dyeing and finishing machines and sells forged products and fabricated products to a range of clean technology customers, including high precision forged rolled rings and related components for the wind power industry and other industries.

## Wrongful Acts and Omissions

11. Cleantech has scheduled its annual shareholders' meeting for December 14, 2017. According to the Solicitation, Cleantech's Board of Directors (the "Board") "has fixed the close of business on November 1, 2017 as the record date for the determination of stockholders entitled to notice of and to vote at the annual meeting."

12. Proposal 3 requests that Cleantech's shareholders vote:

> To amend the Company's 2016 Long-Term Incentive Plan (the "Plan") to increase the number of shares of common stock, par value $0.001 per share (the "Shares") authorized for issuance under the Plan to 390,000 Shares[.]

13. The Company is seeking shareholder approval of Proposal 3, in part, because:

> As of the record date, the Company has granted 125,000 Shares of restricted stock under the Plan. As a result, the Company presently has no Shares available for future issuance under the Plan. The Board of Directors believes that the proposed increase in the number of Shares available for issuance as provided in the Plan will provide the compensation committee with greater flexibility in 2018 in the administration of the Plan and is appropriate in light of the growth of the Company.

3

14. Proposal 3 provides insufficient information for Cleantech stockholders to understand how many participants are eligible to participate in the Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

15. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3 only tells stockholders the following about who will receive these awards:

> **Summary and Purpose of the Amendment to the Plan**
>
> In September 2016, the Board of Directors adopted, and in November 2016, the stockholders approved the Plan, covering 125,000 Shares. The Plan provides for the grant of incentive and non-qualified options and stock grants to employees, including officers, directors and consultants. The Plan is administered by a committee of not less than three directors, each of whom is to be an independent director. In the absence of a committee, the Plan is administered by the Board of Directors. The Board has granted the compensation committee the authority to administer the Plan. Members of the committee are not eligible for stock options or stock grants pursuant to the Plan unless such stock options or stock grant are granted by a majority of our independent directors other than the proposed grantee. As of December 31, 2016, we had issued a total of 105,000 Shares pursuant to the Plan. The Board of Directors has voted to amend the Plan to increase the number of Shares authorized for issuance under the plan to 390,000 Shares.
>
> **Increase in Number of Authorized Shares under the Plan**
>
> As of the record date, the Company has granted 125,000 Shares of restricted stock under the Plan. As a result, the Company presently has no Shares available for future issuance under the Plan. The

4

Board of Directors believes that the proposed increase in the number of Shares available for issuance as provided in the Plan will provide the compensation committee with greater flexibility in 2018 in the administration of the Plan and is appropriate in light of the growth of the Company.

**Awards to be Granted to Certain Individuals and Groups**

As of the date hereof, the Company cannot determine the benefits or amounts that will be received by or allocated to any individual or group resulting from the approval of the amendment to the Plan. The following table sets forth the aggregate number of Shares subject to option grants and grants of Shares of restricted stock to certain individuals and groups under the Plan during the last fiscal year, which ended December 31, 2016.

| Name of Group | Number of Options Granted | Number of Shares of Restricted Stock Granted |
|---|---|---|
| Named Executive Officer | 0 | 50,000 |
| All executive officers, as a group | 0 | 50,000 |
| All directors who are not executive officers, as a group | 0 | 0 |
| All employees, including all current officers who are not executive officers, as a group | 0 | 0 |

**Equity Compensation Plan Information**

The following table summarizes information, as of December 31, 2016, with respect to Shares that may be issued under the Company's existing equity compensation plans.

| Plan Category | Number of Securities to be Issued Upon Exercise of Outstanding Options, Warrants and Rights (a) | Weighted-Average Exercise Price of Outstanding Options, Warrants and Rights (b) | Number of Securities Remaining Available for Future Issuance Under Equity Compensation Plans (Excluding Securities Reflected in Column (a)) (c) |
|---|---|---|---|
| Equity compensation plans approved by security holders | 0(1) | $ N/A | 20,000 |
| Equity compensation plans not approved by security holders | 0 | $ N/A | 0 |
| Total | 0 | $ N/A | 20,000 |

(1) Consists of options and restricted stock granted under the Plan.

16. Elsewhere, the Solicitation states:

**How many votes are required for approval of amendment to the Company's Plan?**

5

> The proposal to approve the amendment to the Company's Plan to increase the number of Shares authorized for issuance under the Plan to 390,000 Shares requires the affirmative vote of a majority of the votes cast at the annual meeting. Abstentions and broker non-votes will not be counted as "for" or "against" the approval of the amendment to the Plan and thus will have no effect on the proposal.

17. The Solicitation omits the approximate number of persons who qualify as eligible participants, and provides no information about the amount of persons who will be eligible to participate under the Plan.

18. There is no estimate of the approximate number of Cleantech's employees, including officers, directors and consultants who qualify for the Plan, or the basis for their participation in the Plan.

19. As a result of the above defects, the Solicitation does not inform shareholders of how many participants may be awarded the 125,000 shares that Cleantech's stockholders are being asked to approve or the basis of their receipt of such awards, and does not inform shareholders of the types of consultants that may qualify therefor or the basis of their receipt of such awards.

20. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

21. The preceding paragraphs state a direct claim for relief against Cleantech under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

22. As a result of these actions, Plaintiff will be injured, and he has no adequate remedy at law. He will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for the

issuance of 390,000 shares, worth approximately $1,755,000 be granted to an unknown number of persons who qualify as Eligible.

23. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the December 14, 2017 vote would be impracticable.

24. To ameliorate injury, injunctive relief is required in the form of a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1), and which is timely furnished to shareholders.

25. Cleantech should be enjoined from presenting Proposal 3 for a stockholder vote at the December 14, 2017 annual meeting or certifying or otherwise accepting any vote cast in connection with Proposal 3 unless the appropriate amendments are timely made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Cleantech, as follows:

(A) A preliminary and permanent injunction, enjoining Cleantech from:

i. presenting Proposal 3 for a shareholder vote at the December 14, 2017 annual meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

ii. certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Cleantech stockholder in connection with Proposal 3 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring Cleantech to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C) A preliminary and permanent injunction enjoining Cleantech from otherwise proceeding at its December 14, 2017 annual shareholders meeting, or at any other time, in a manner inconsistent with Item 10(a)(1);

(D) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Cleantech's shareholders, and;

(E) Granting such other and further relief as this Court may deem just and proper.

Dated: November 14, 2017                    STULL, STULL & BRODY

  /s/ Michael J. Klein
Aaron L. Brody
Michael J. Klein
6 East 45th Street
New York, NY 10017
Phone: (212) 687-7230
Fax: (212) 490-2022
abrody@ssbny.com
mklein@ssbny.com

*Attorneys for Plaintiff*